Withers J.
delivered the opinion of the Court.
We shall express no opinion of any of the grounds of appeal, except the first, to wit: “that the commission admitted in evidence in this case was inadmissible, because no notice of the issuing of said commission was served on the defendant or his attorney.”
By the Act of 1839, regulating the office of clerks, the condition on which a commission may go for the examination of a witness, is expressed in the following words: “provided that ten days notice of such application,” (that is, for the issuing of a commission,) “with a copy of the interrogatories propounded, be served upon the opposite party, or attorney, who shall have leave to resist such application on cause shown.” We consider the true interpretation of this clause to be, that actual notice for the space of ten days, of the application for a commission, accompanied by a copy of the interrogatories, shall be given to the adverse party or his attorney, before the commission should be issued, by the clerk; and if the service be not personal, on the one or the other, it should at least appear that the notice and copy of interrogatories had in fact come to his knowledge ten days before the paper is issued. No light for the purposes of the present inquiry can be derived from the statutory provisions relating to the service of process, for the leaving a copy in such case, is made effectual service, so as to make ihe defendant a party in Court only by virtue of express enactment. And since the party applying for a commission seeks the convenience and benefit of a proceeding advantageous to himself and the other party, is thus *202 deprived of the opportunity (usually considered of consequence, and favored with some care and solicitude by the law,) of cross examining his adversary’s witness, viva voce, in reference to previous developments of the case, there seems no hardship in requiring of the moving party, a full and perfect compliance with the terms of the provision already7 cited, in their more obvious import.
To this interpretation there does not seem to have been a conformity in the manner of the notice adopted in the case under consideration. Admitting that after the association of Hurlbut & Carew, they had become the attorneys of the defendant, (which we need not determine) it does not appear that they7 or either of them had been personally served, or had actual notice, for ten days, of the application for the commission and also possession of a copy of the interrogatories. Upon this subject we do not feel warranted, in view of the terms of the Act, in holding that a copy7 left at a lawyer’s office or at the party’s residence, shall be considered as a service in this branch of practice, for actual notice being the object, and personal service being required, the course referred to does not necessarily imply the one or the other.
Every clerk, before issuing the commission, ought to be careful to ascertain that the proper notice has been given, not only because it may save all the trouble and expense of an appeal to this Court and other serious inconveniences, but also because it is manifestly contemplated that, notice being given, objections may be made to the issuing of the commission before him.
Upon the ground herein discussed, it is ordered that the motion for a new trial be granted.